IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RYAN HUBERT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

No. 2:19-CV-02125-CSB-EIL
Judge Colin S. Bruce

### DEFENDANT FORD MOTOR COMPANY'S MOTION TO STAY LITIGATION PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant Ford Motor Company moves this Court for a stay of all proceedings in the above-captioned litigation until the United States Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") decides whether it will centralize this action with several others in multidistrict litigation. Granting a short stay is proper because, consistent with the aims of multidistrict litigation, it will conserve the resources, time and effort of the Court, the Parties, and counsel. Moreover, a stay is warranted because this case is in its infancy and a request for centralization is pending before the JPML that will encompass this matter, with a ruling expected within the next several months. Finally, plaintiffs have agreed to the stay request made by Ford in this motion. Accordingly, Ford respectfully requests that the Court enter an Order staying this litigation pending a ruling from the JPML.

Ford incorporates by reference the following Memorandum of Law.

**MEMORANDUM OF LAW**

I.   **BACKGROUND**

This putative class action arises out of Plaintiff's allegation that Ford Motor Company ("Ford"), made false and deceptive representations to consumers concerning the fuel economy ratings of select Ford-brand vehicles. At this time, Ford is aware of four other putative class actions asserting fuel economy-based claims relating to Ford's marketing and sale of the subject vehicles. Those cases are:

1. *Lloyd v. Ford Motor Company*, Civil No. 3:19-CV-11319 (E.D. Mich.)

2. *Cook v. Ford Motor Company*, Civil No. 2:19-CV-00335 (M.D. Ala.)

3. *Drake v. Ford Motor Company*, Civil No. 2:19-CV-14165 (S.D. Fla.)

4. *Travis v. Ford Motor Company,* No. 2:19-CV-11639 (E.D. Mich.)

On May 9, 2019, Plaintiffs in the *Cook* and *Hubert* actions jointly filed a motion to transfer pursuant to 28 U.S.C. § 1407 ("Transfer Motion"). They contend that transfer and coordination are appropriate because the identified cases involve common questions of law and fact, which handled together will benefit the parties, the witnesses, and the courts.

Ford is not contesting that transfer and consolidation is appropriate. The Transfer Motion will be fully briefed and ripe for review on or before June 7, 2019. And the Panel will likely hear argument on the Transfer Motion on July 25, 2019. Therefore, it is likely the Panel will make a decision on transfer within the next several months.[1]  Ford submits that no party to this action will be unduly prejudiced by a short stay of the instant proceedings.

---

[1]  "The Panel's rules . . . require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . ." John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. L. REV. 2225, 2242 (2008). The Panel is scheduled to meet and hear argument on ripe transfer motions on July 25, 2019.

## II. LEGAL ARGUMENT

A district court has broad discretion to stay litigation. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes the discretion to stay litigation pending a transfer decision from the Panel. *See CTI-Container Leasing v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (explaining that the court has "the inherent discretion[] . . . to stay litigation pending the outcome of [a] related proceeding in another forum"). In fact, "[i]t is common practice for courts to stay an action pending a transfer decision by the [Panel]." *Pulley v. JPMorgan Chase Bank, N.A.*, No. 12-60936, 2012 WL 2838677, at *1 (S.D. Fla. Jul. 10, 2012) (citing *Bonenfant v. R.J. Reynolds Co.*, No. 07-60301, 2007 WL 2409980, at *1 (S.D. Fla. Jul. 31, 2007); Manual for Complex Litigation § 22.35 (4th ed.)).[2] In determining whether to stay litigation while a JPML transfer motion is pending, Florida district courts commonly consider whether "judicial consistency and economy" are best served by staying the case, whether the case is "procedurally advanced," and whether a "decision by the JPML is due shortly." *Kline v. Earl Stewart Holdings, LLC*, No. 10-80912, 2010 WL 3432824, *1 (S.D. Fla. Aug. 30, 2010); *Giles*, 2010 WL 4630325, at *1.

Here, a stay would promote the just and efficient administration of this litigation and would avoid the risk of undue prejudice to defendants, without prejudice to the Plaintiffs.

### A. Granting a stay will promote judicial economy and consistency.

It is beyond doubt that a short stay, like the one requested here, will promote judicial economy and consistency. The purpose of an MDL is to ensure that issues common to related cases are addressed expeditiously and consistently. *See* 28 U.S.C. § 1407; *accord In re Dow Chem. Co. Sarabond Prods. Liab. Litig.*, 650 F. Supp. 187, 189 (J.P.M.L. 1986). Without

---

[2] S*ee also Giles v. POM Wonderful LLC*, No. 10-61684, 2010 WL 4630325, at *1 (S.D. Fla. Nov. 8, 2010); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel.").

3

question, when related cases are pending in differing districts, different judges will be asked to address similar pretrial matters and to resolve similar pretrial motions. *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349 (J.P.M.L. 2006). Absent transfer and consolidation, litigation across multiple districts results in **unnecessary duplication of effort and creates a risk of inconsistent rulings**. In other words, staying litigation pending JPML transfer is routine, at least in part, because it conserves the resources, time and effort of the Court, the parties and counsel.  *See Pulley*, 2012 WL 2838677 at *1.[3]

This case is no exception; a short stay saves the Court, the Parties, and their respective counsel from undertaking significant, potentially duplicative work—that may be of no consequence—prior to a decision on transfer and consolidation by the Panel.  For example, absent a short stay, Ford will be required to begin motion practice in this Court.  But any non-dispositive ruling rendered by this Court will likely be reassessed by the transferee court; "the transferee district court has the power and the obligation to modify or rescind any orders in effect in the transferred case which it concludes are incorrect." *Astarte Shipping Co. v. Allied Steel & Export Serv.*, 767 F.2d 86, 87 (5th Cir. 1895); *see also Rivers*, 980 F. Supp. at 1361 (collecting cases noting that "transferee judges have been known to vacate or modify previous rulings of the transferor judge"). Thus, a stay will prevent the need for duplicative motion practice.

---

[3]  *See also La. Stadium and Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235c/09-2738, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (finding a stay appropriate to "serve the interests of judicial economy and efficiency"); *Tench v. Jackson National Life Ins. Co.,* Civ. No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("Under these circumstances, *i.e.* pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources."); *Rivers,* 980 F. Supp. at 1362 ("a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

A stay particularly promotes judicial economy and consistency in circumstances such as this, where if transfer is granted, Plaintiffs very likely will have an opportunity to file a consolidated amended complaint to which Ford will be required to respond. Judicial economy is served by having all of the related allegations set forth in one pleading, allowing Ford to challenge the sufficiency of those allegations in one motion to dismiss, and having the issues decided by one court, rather than through piecemeal rulings that may be subject to subsequent reexamination by an MDL court. *See La. Stadium and Exposition Dist.*, 2009 WL 926982 at *1 (finding it wastes judicial resources to have a transferor court become familiar with complex issues raised in a motion to dismiss when those issues will ultimately be decided by the transferee court). Moreover, granting a stay avoids the possibility that Ford receives inconsistent rulings on issues of federal law that otherwise would be raised in its motions to dismiss the individual actions pending across the United States. Accordingly, entry of a stay is warranted to promote judicial economy.

      **B.**      **Because a ruling on transfer is expected shortly, granting a stay will not unduly prejudice plaintiffs.**

If the Court grants a stay, it will not be for an indeterminate period of time because the JPML will likely make a decision on the motion to transfer within a few months. *See, e.g., The Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 425 (D.N.J. 2003) ("[b]arring unusual circumstances, the MDL Panel will decide the motion in a relatively short time"); John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 TUL. L. REV. 2225, 2242 (2008) (explaining that "[t]he Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards."). A brief delay will not render Plaintiffs incapable of obtaining the relief they seek. If the Panel grants transfer,

Plaintiffs will have the opportunity to present their claims alongside the other plaintiffs in a single forum.  If transfer is denied, this case will resume.

As one court put it: while there may be "some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost." *Rosenfield v. Hartford Fire Ins. Co.*, No. 88-2153, 1998 WL 49065, at *2 (S.D.N.Y. May 12, 1988). For this reason, Plaintiffs will not be unduly prejudiced by a stay of proceedings that will last only a few short months. In fact, it will likely expedite the review of their claims.

> C. **Because the proceedings in this matter are not advanced and a trial date has not been set, a stay will not impact the parties' discovery plans or the Court's docket.**

This case is in its infancy.  Other than a complaint (ECF No. 1), a Certificate of Interest (ECF No. 2), a Notice of Appearance (ECF No. 3), and a Corporate Disclosure Statement (EFC 4), there are no other filings by the parties on the Court's docket.  Because discovery has not commenced and a trial date has not been set, a brief stay until the Panel rules is appropriate and unlikely to disrupt the Court's docket.

### III.  CONCLUSION

For all of the reasons stated above, Ford respectfully requests that the Court grant the instant Motion to Stay Litigation Pending Decision by the United States Judicial Panel on Multidistrict Litigation.

Respectfully submitted,

/s/ Mark H. Boyle
*Attorneys for Defendant*
*Ford Motor Company*

Mark H. Boyle (ARDC #6200934)
Bradley E. Puklin (ARDC #6309950)
Donohue Brown Mathewson & Smyth LLC
140 S. Dearborn Street
Suite 800
Chicago, IL 60603
(312) 422-0900
boyle@dbmslaw.com; skierk@dbmslaw.com
service@dbmslaw.com

Adam J. Levitt
John E. Tangren
Adam Prom
Dicello Levitt Gutzler LLC
Ten North Dearborn, 11th Fl
Chicago, IL 60602
(312) 214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
aprom@decellolevitt.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/  Sharon Skierkiewicz